UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

Terrance M. McKevitt,

                                 Plaintiff,

                                    v.                                                  1:11-CV-970

Carolyn W. Colvin,

                                 Defendant.

_____

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

      Plaintiff's attorney, Irwin M. Portnoy of Irwin M. Portnoy and Associates, P.C., moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner contends that the requested attorney's fees are excessive and unreasonable and opposes awarding the full amount requested. For the following reasons, the motion is granted in part.

I.    **FACTS**

      The Plaintiff, Terrance M. McKevitt, filed a complaint on August 16, 2011, appealing a final decision of the Commissioner of Social Security that denied Plaintiff's application for Supplemental Social Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Pl.'s Br., dkt. # 9, at 1. On September 11, 2013, the Second Circuit vacated this Court's decision affirming the Commissioner's opinion and remanded the matter back to the Commissioner. See Order, dkt. # 27.

On August 13, 2013, Plaintiff filed a motion seeking attorney's fees in the sum of $13,128.39 for 69.27 hours expended and $825.49 for costs incurred in this action against the Commissioner. Mot. For Attorney Fees, dkt. # 22, at 5. On September 4, 2013, Defendant filed a response in opposition to Plaintiff's request, asserting that the requested fee was excessive. On November 21, 2013, after the Court granted leave, Plaintiff filed a reply memorandum and an amended fee petition requesting an increased amount in attorney fees of $16,109.42, which represents an additional 16.03 hours, 11.66 hours expended in preparing the EAJA petition and reply to the Commissioner's opposition and 4.37 hours inadvertently omitted for services rendered in 2011. See dkts. # 31-32. On December 2, 2013, Plaintiff's original motion for attorney fees was terminated pursuant to Plaintiff's amended motion for attorney fees. On December 3, 2013, Defendant filed a response in opposition to Plaintiff's amended motion for attorney fees, arguing that the additional fees sought were unreasonable and excessive. See dkt. #34.

## II.   DISCUSSION

The EAJA states in relevant part that:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). A motion for attorney's fees must be filed within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B). The parties do not dispute that Plaintiff

2

qualifies as a "prevailing party" under the EAJA; that final judgment was entered in favor of Plaintiff; and that Plaintiff's fee request was timely filed.

The only dispute in this matter, therefore, is over whether the amount of attorney fees requested is excessive. Defendant characterizes the fee as "excessive" because "[t]he total number of hours expended by Plaintiff's counsel is high given their extensive experience and expertise in Social Security issues, and the straightforward nature of this case." dkt. #34 at 4. Specifically, Defendant asserts that "Plaintiff's request for more than 69 hours, is almost thirty hours more than the high-end of the general range of hours (twenty to forty hours) ordinarily found to be reasonable in routine social security disability matters." Id. Defendant further asserts that Plaintiff's amended motion for attorney fees seeking compensation for the additional hours are "unreasonable and excessive." Id. at 1.

The "standard fee for routine social security cases under the EAJA in the Second Circuit averages around twenty to forty hours." Dabul-Montini v. Astrue, 2011 WL 1541363, at *2 (N.D.N.Y. 2011) (citing Coughlin v. Astrue, 2009 WL 3165744, at *2 (N.D.N.Y. 2009)). "It is not unprecedented to award more than forty hours of fees under the EAJA," but the Court must find the fee justified by the nature of the case. Dabul-Montini, 2011 WL 1541363 at *2 (citing Kania v. Shalala, 1995 WL 307604, at *2 (W.D.N.Y. 1995)). Moreover, "[w]hen assessing whether to award attorney's fees to a prevailing party, a court has broad discretion to determine whether the amount of time an attorney has expended is reasonable." Coughlin v. Astrue, 2009 WL 3165744, at *2 (N.D.N.Y. 2009) (citing Crudele v. Chater, 1997 WL 198076, at *5 (S.D.N.Y. 1997)).

3

"The specific facts of each case determine what fee is appropriate." Coughlin, 2009 WL 3165744, at *2 (citing Ferguson v. Apfel, 2000 WL 709018, at *2 (E.D.N.Y. 2000)). Therefore, "attorney's fees in excess of the routine twenty to forty hours will be awarded where the facts of the specific case warrant such an award." Dabul-Montini, 2011 WL 1541363, at *2 (citing Hinton v. Sullivan, 1991 WL 123960, at *5 (S.D.N.Y. 1991); Scott v. Astrue, 474 F.Supp.2d 465, 467 (W.D.N.Y. 2007)). "When deciding what amount is appropriate, the court will not compensate or penalize counsel for her expertise." Coughlin, 2009 WL 3165744, at *2 (citing Laguna v. Secretary Dep't of Health and Human Servs., 1992 WL 179215, at *4 (E.D.N.Y. 1992)). Courts may "reduce entries if the number of hours spent on a task are excessive or if entries relate to clerical tasks." Coughlin, 2009 WL 3165744, at *2 (citing Greenride v. Barnhart, 2005 WL 357318, at *4 (W.D.N.Y. 2005); Destefano v. Astrue, 2008 WL 623197, at *3 (E.D.N.Y. 2008)). "Moreover, time may be reduced when billing entries are less than precise." Coughlin, 2009 WL 3165744, at *2 (citing Destefano, 2008 WL 623197, at *3 n.5)).

In reviewing attorney fee requests, "the court is not required to 'scrutinize each action taken or the time spent on it' when determining what is reasonable." Coughlin, 2009 WL 3165744, at *3 (quoting Hogan v. Astrue, 539 F.Supp.2d 680, 683 (W.D.N.Y. 2008) (holding that a reduction of approximately 5% in the total fee requested was appropriate); Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d Cir.1998) (holding that the Court has discretion simply to apply a reasonable percentage reduction "as a practical means of trimming fat from a fee application"); New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2d Cir.1983) (holding that

4

district judge acted within his discretion when he chose to make percentage reductions in response to the defendants' detailed claims that the fee application contained excessive and duplicative hours).  Finally, "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980)).

In this case, Plaintiff requests recovery for a total of 85.3 hours, far more than the usual expected in such cases.[1]  Plaintiff does not contend that this case involved any complex legal or medical issues requiring a departure from the standard of twenty to forty hours and has not presented evidence to support those larger fees.  Instead, the Plaintiff contends that a need to review the record, with which counsel was unfamiliar, led to the expenditure of more hours.  Even with this need for additional time, however, the Court notes that the work performed by the two attorneys in this case was at times duplicative, particularly in the drafting of the district court brief where the two attorneys appear to have billed for the same work on the brief.  Moreover, Plaintiff attempts to bill attorney time for clerical tasks.

Therefore, after reviewing the administrative record, the papers submitted, and the history of the case, the Court concludes that the hours are excessive and require reduction.  As a general matter, the Court notes that Plaintiff has not provided sufficient detail regarding certain tasks (e.g., "[t]elephone call to client," "[d]raft District Court

---

[1] In the original motion for attorney fees, Plaintiff submits a total of 69.27 hours to be recovered. In the amended motion, Plaintiff submits an additional 16.03 hours. This totals 85.3 hours.

brief," or "[l]egal research."), ECF Nos. 22-6, 22-7, 22-8, 32-4. Additionally, the Plaintiff's exhibits containing the Westlaw timesheets indicate some discrepancy compared to the invoices submitted.[2]

The amount of hours pertaining to work on Plaintiff's initial brief totals 47.71 between both Attorney Portnoy and Attorney Southwick.[3] This total is excessive. Beyond the problem that both attorneys appear to bill for the same work on the initial brief, the brief produced does not reflect a need for the hours claimed. The text of the brief is twenty-five pages, of which the first ten pages is a recitation of facts, with the remaining pages amounting to little more than routine arguments made in a Social Security memorandum of law. See dkt. # 9. The amount of hours pertaining to work on Plaintiff's reply brief totals 15.54 hours between both Attorney Portnoy and Attorney

---

[2] For example, the Westlaw timesheet states that at some point on October 7 and 10, 2011, Attorney Portnoy was researching for the Plaintiff's case. ECF No. 32-5. However, the invoice indicates that on October 7 and 10, 2011, Attorney Portnoy only "[d]raft[ed] District Court brief." ECF No. 32-4 at 2. From these records, it is unclear whether the research time is included in Attorney Portnoy's invoice to his client. Also, the only mention of legal research on Attorney Portnoy's invoice to his client takes place on April 9, 2012, stating "Revise Draft District Court brief; legal research included" and totaling 2.4 hours. ECF No. 22-7. However, according to the two submitted Westlaw timesheets for April 9, 2012, Attorney Portnoy has indicated he performed 1:06:03 and 2:10:48 hours under the McKevitt research session identifier. ECF No. 32-6. This totals 3:16:51 hours for April 9, 2012, whereas Attorney Portnoy's invoice only indicates he worked for 2.40 hours. ECF No. 22-7.

[3] This total is calculated from the following. For Attorney Portnoy: 10/5/2011 Draft District Court brief 1.78; 10/6/2011 Draft District Court brief- reviewed medical evidence drafted 4.39; 10/7/2011 Draft District Court brief 3.04; 10/10/2011 Draft District Court brief 5.69; 10/10/2011 Letter to the United States Attorney - send draft of brief to OGC - Susan Reiss - requested attorney read it for possible remand 0.23; 11/15/2011 Draft and File documents in United States District Court Notice of Appeal - 0.22; 1/11/2012 Draft District Court brief -revise once 1.70; 1/11/2012 Revise Draft District Court brief again 1.56. ECF Nos. 22-7, 32-4. For Attorney Southwick: 1/9/12 Review 391-page transcript, making notes and marking transcript in preparation of brief 7.7; 1/10/12 Legal research, and start drafting memorandum 7.8; 1/11/12 Draft Memorandum of Law 7.9; 1/12/12 Review draft of Memorandum of Law, editing and making suggested changes 3.6; 1/12/12 Finalize, prepare tables, file Memorandum of Law 2.1. ECF No. 22-8.

Southwick.[4]  Plaintiff justifies these hours because of the need to review the record in the case, since Plaintiff's counsel did not develop the original record.  The Court recognizes this need, but still finds the amount of time expended in briefing the issues excessive.  The Court will reduce the hours to reflect this excess.  In addition, billing on the reply brief is also excessive.  The text of the reply brief is ten pages, again amounting to standard arguments made in these types of proceedings.  See ECF No. 15.  The amount of time spent on both the brief and the reply brief total 63.25 hours for a case that does not involve any particularly complex legal or medical issues.  That excessive work requires reduction in the fees awarded, and the Court will reduce the hours billed in this area to 48.25, an amount still at the upper end of compensation in this matter, which reflects Counsel's need for careful examination of an unfamiliar record.  That reduction also encompasses the afore-mentioned billing of clerical time as attorney time.

Beyond the 63.25 hours claimed on the briefs, Plaintiff seeks compensation for other expenses.  One additional expense comes from expenses for the fee petition.  Attorney Portnoy already has already reduced his hours related to preparing the fee petition by 50%, totaling 11.66 hours.  See ECF No. 32-1, at ¶ 8.  When added to the time spent on the brief, this brings the total hours worked up to 74.91.  Even this reduced amount of fees applied for the EAJA petition remain excessive, especially

---

[4]  This total is calculated from the following.  For Attorney Portnoy: 4/4/2012 Draft District Court Reply brief 2.74; 4/5/2012 Draft District Court Reply brief 4.31; 4/6/2012 Draft District Court reply brief 4.20; 4/9/2012 Revise Draft District Court brief; legal research included 2.40; 4/10/2012 Draft District Court brief-revise and send to K. Southwick 1.89. See dkt. #22-7. Attorney Southwick did not bill any hours for the reply brief. See dkt. # 22-8.

7

since the first ten pages of the EAJA brief addresses whether the Commissioner's position was substantially justified, a position the Commissioner did not take in seeking reduction of the requested fees. Accordingly, the Court will reduce the hours claimed for the fee petition by five hours.

The remaining 10.39 hours claimed by counsel consist of client communication and reviewing various other documents. See ECF Nos. 22-7, 22-8, 32-4. The Court does not find this billing unreasonable, and will award the full amount sought.

For the reasons explained above, therefore, Attorney Portnoy and Attorney Southwick's 85.3 hours totaling $16,109.42 shall be reduced by 20 hours to 65.3 hours, for a new total of $12,332.30.

As for the reimbursement of costs and expenses, Defendant argues that Plaintiff's total of $825.49 is unsubstantiated. See dkt. # 34 at 4. The invoice that Plaintiff submitted that indicates costs and expenses cites costs from August 16 and 17, 2011, for court filing fees and postage totaling $370.49. Plaintiff did not provide any supporting documentation indicating a need for reimbursement of the remaining $455.00. Since no documents were produced in support of the remaining balance, only $370.49 shall be reimbursed.

### III. CONCLUSION

Based upon the foregoing, it is hereby **ORDERED** that Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, is **GRANTED** in the amount of $12,702.79, with the award to be made payable to Plaintiff's counsel.

**IT IS SO ORDERED.**

8

**Dated:** May 1, 2014

_____
Thomas J. McAvoy
Senior, U.S. District Judge